# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR CONSTITUTIONAL INTEGRITY,<br>1930 18th St. NW, Ste. B2, PMB 620,<br>Washington, DC 20010,<br><br>    Plaintiff,<br><br>        v.<br><br>THE FEDERAL COMMUNICATIONS COMMISSION,<br>45 L Street NE<br>Washington, D.C. 20554,<br><br>    Defendant. | Case No. 26-cv-2018 |

## COMPLAINT

JARED S. PETTINATO, DC Bar No. 496901
The Pettinato Firm
1930 18th St. NW, Ste. B2, PMB 620
Washington, DC 20009
(406) 314-3247
Jared@JaredPettinato.com

*Attorney for Plaintiff*

*"[C]omedians and talk show hosts from countries like Russia [and] the Middle East . . . tell me they would get thrown in prison for making fun of those in power. . . . [T]hey know how lucky we are here. Our freedom to speak is what they admire most about this country. And that's something I'm embarrassed to say I took for granted until they pulled my friend Stephen [Colbert] off the air and tried to coerce the affiliates . . . to take my show off the air. That's not legal. That's not American. That is unamerican, and it is so dangerous."*

—Jimmy Kimmel[1]

## INTRODUCTION

1. In response to Citizens for Constitutional Integrity's Freedom of Information Act (FOIA), 5 U.S.C. § 552 request, Federal Communication Commission Chair Brendan Carr refused to produce his text messages related to his efforts to force ABC to suspend Jimmy Kimmel. The FCC failed to complete a reasonable search and produced zero text messages—except for screenshots of one text that Carr had emailed himself.

2. Kimmel was pointing out hypocrisy after someone murdered Charlie Kirk. In response, Carr made a plain threat:

"I mean, look, we can do this the easy way or the hard way. These companies can find ways to change conduct and take action frankly uh on Kimmel or you know there's going to be additional work for the FCC ahead."[2]

The People deserve to know what else Carr threatened.

3. FOIA compels declaratory and injunctive relief to order the FCC to produce the responsive text messages immediately.

---

[1] Jimmy Kimmel Live, *Jimmy Kimmel is Back!* at 4:00 (Sept. 23, 2025), *available at* https://www.youtube.com/watch?v=c1tjh_ZO_tY.
[2] Benny Show, *Jimmy Kimmel LIES About Charlie Kirk Killer, Blames Charlie For His Murder!? Disney Must Fire Kimmel* at 11:16-11:56 (Sept. 17, 2025), *available at* https://www.youtube.com/watch?v=uTyX9JC-rhA.

## CAUSE OF ACTION, JURISDICTION, AND VENUE

4. FOIA gives this Court jurisdiction. *See* 5 U.S.C. § 552(a)(4)(B); *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 384 (1980). It waives sovereign immunity, and provides a cause of action. 5 U.S.C. § 552(a)(4)(B).

5. The District of Columbia sets the proper venue because (1) Citizens maintain their principal office here, (2) on information and belief, the records are situated here, and (3) FOIA specifically allows filings in this district. *See id.*

## PLAINTIFF

6. Citizens for Constitutional Integrity is a nonprofit organization that researches and holds governments accountable. Its purposes include improving the United States Constitution's integrity, democratic elections, and government accountability. It maintains its principal office in Washington, D.C.

7. Citizens suffered procedural and informational injury when the FCC failed to produce Carr's text messages. Citizens are protecting interests germane to the organization's purposes, and individual members need not participate to advance the claims or to obtain the relief.

## DEFENDANT

8. The FCC is an independent agency of the United States government. It regulates radio, television, wire, satellite, and cable communications. It is responsible for government policy related to communications innovations. The FCC's mission requires a high degree of technological sophistication for managing complex, ever-changing technologies.

Complaint
*Citizens for Constitutional Integrity v. FCC*, No. 26-cv-2018                                    2

## THE FREEDOM OF INFORMATION ACT

9. Congress recognized "secrecy in government" as "one of the instruments of Old World tyranny," and it enacted FOIA to help democracy function. *See U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772-73 (1989) (quotations omitted). With FOIA, Congress gave "an informed citizenry, vital to the functioning of a democratic society," a mechanism to "check . . . corruption and . . . hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Therefore, FOIA "require[s] agencies to adhere to a general philosophy of full agency disclosure," so as "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (citations and quotations omitted).

10. When agency officials intend the "unjustified suppression of information," *GTE Sylvania*, 445 U.S. at 385, FOIA gives citizens a federal-court cause of action to order the agency to produce records. Congress assigned federal courts as "protectors of the public's right to know." *Id.* at 387.

11. Mechanically, when a requester sends a FOIA request, FOIA directs the agency to "make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system." *See* 5 U.S.C. § 552(a)(3)(C). It requires agencies to make those records "promptly available." *Id.* § 552(a)(3)(A), (6)(C)(i).

12. When FOIA uses the term "records," that includes text messages as information in "any format, including an electronic format." *Id.* § 552(f)(2)(A). Therefore, upon request, FOIA requires agencies to search for text messages.

<b>FACTUAL BACKGROUND</b>

### I. The shooting, the criticism, and the consequences

13. On September 10, 2025, someone, allegedly Tyler James Robinson, shot and killed Charlie Kirk. No reasonable person disputes the horror of this political violence. Five days later, on ABC's Jimmy Kimmel Live!, Jimmy Kimmel pointed out hypocrisies, opportunism, and inhumanity that he saw surrounding that murder. The next day in response, Carr threatened ABC's broadcast license because, he alleged, ABC failed to uphold the public interest. He explained that he wanted ABC to suspend Kimmel. The day after that, ABC suspended Kimmel.

14. Kimmel remained suspended for five days until ABC put him back on air. FCC Chair Carr got exactly what he wanted from threatening ABC's broadcast license. He punished Kimmel for his political, critical speech.

### II. The FOIA request, response, the appeal, and the appeal denial

15. Because ABC so quickly implemented Carr's demand to suspend a comedian, Citizens saw grave threats to our democracy and to our rights to free speech. Citizens knew the public information showed only a fraction of the activity behind the scenes, and they decided to seek, and to make public, further records under FOIA. In January 2026, Citizens filed a FOIA request for emails and text messages that covered only 14 days and specified search terms. New Request FCC-FOIA-2026-000266 (Jan. 5, 2026), Ex. 1.

Complaint
*Citizens for Constitutional Integrity v. FCC*, No. 26-cv-2018                  4

16. Citizens requested the following records:

- 1. All emails to or from FCC Chairman Brendan Carr that contain the words "Jimmy", "Kimmel", "ABC," "Charlie", or "Kirk" on or between September 10, 2025, and September 23, 2025.

- 2. All emails between or among FCC Chairman Brendan Carr and any email addresses that contain "nexstar.tv" or "sbgtv.com" on or between September 10, 2025, and September 23, 2025.

- 3. All text messages or threads, Signal messages or threads, or other messaging app messages or threads to or from FCC Chairman Brendan Carr that contain the words "Jimmy", "Kimmel", "ABC," "Charlie", or "Kirk" on or between September 10, 2025, an September 23, 2025.

*Id.*

17. In March 2026, the FCC responded by letter. Letter from Kristi Thompson to Jared Pettinato (Mar. 13, 2026), Ex. 2. It explained it had produced some emails on its reading room website, under "Part 4 of the bullet titled 'Jimmy Kimmel.'" https://www.fcc.gov/general/freedom-information-act-electronic-reading-room. The letter also claims, "[t]he Office of the Chairman searched for additional responsive records. The search produced no additional records responsive to your request." The FCC produced zero text messages, except for one embedded in an email. Carr had taken a screenshot of that text message and emailed it to himself. Excerpts from Reading Room FOIA Kimmel Part 4, Ex. 3. The lack of text messages demonstrated the FCC undertook no reasonable search for text messages.

18. Citizens appealed in March 2026 from that insufficient response. Citizens explained the FCC has the technical capacity to search Carr's cellphone for responsive text messages. Letter from Jared Pettinato to Adam Candeub (Mar. 31, 2026), Ex. 4. Again, Citizens requested the text messages.

Complaint
*Citizens for Constitutional Integrity v. FCC*, No. 26-cv-2018                      5

19. The FCC denied Citizens' appeal. It pointed to the single, email-embedded text—as if that qualified as a reasonable search for text messages. Email from Kristi Thompson to Citizens@ConstitutionalIntegrity.org (Apr. 28, 2026), Ex. 5. It asserted, "As you can see, staff did in fact search for text messages and produced copies of text messages located in that search." *Id.*

## COUNT 1

20. Citizens hereby adopt by reference the previous paragraphs.

21. Citizens requested text messages and reasonably described them.

22. The FCC possesses text messages responsive to Citizens' request.

23. FOIA requires the FCC to produce responsive records.

24. The FCC failed to produce the text messages responsive to Citizens' request because the FCC did not complete "reasonable efforts to search for the records in electronic form or format." 5 U.S.C. § 552(a)(3)(C). Searching an email database for text messages does not satisfy FOIA's obligation for a reasonable search. FOIA required searching Carr's cellphone.

25. By failing to conduct a reasonable search and by failing to produce the resulting, responsive records, the FCC violated FOIA, 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

26. Citizens request the Court to issue the following relief:

a. Enjoin the FCC from withholding the responsive text messages and order it to search Carr's cellphone and to produce them;

b. Declare FOIA entitles Citizens to production of the text messages;

Complaint
*Citizens for Constitutional Integrity v. FCC*, No. 26-cv-2018                6

c. Order the FCC to search Carr's cellphone and to produce the responsive text messages by a deadline;

d. Award Citizens their reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E); and

e. Provide further relief as necessary or appropriate.

Dated June 8, 2026,

/s/ Jared S. Pettinato
JARED S. PETTINATO
*Attorney for Plaintiff*

Complaint
*Citizens for Constitutional Integrity v. FCC*, No. 26-cv-2018                    7