# EXHIBIT
# 2



## Federal Communications Commission
### Washington, D.C. 20554

March 13, 2026

**VIA ELECTRONIC MAIL**

Jared Pettinato
Citizens for Constitutional Integrity
P.O. Box 64
Whitefish, MT 59937
Citizens@ConstitutionalIntegrity.org

Re: FOIA Control No. 2026-000266

Dear Mr. Pettinato:

This letter responds to your Freedom of Information Act (FOIA) request received by the Federal Communications Commission (Commission) for the following records:

> "1. All emails to or from FCC Chairman Brendan Carr that contain the words 'Jimmy', 'Kimmel', 'ABC,' 'Charlie', or 'Kirk' on or between September 10, 2025, and September 23, 2025.
>
> 2. All emails between or among FCC Chairman Brendan Carr and any email addresses that contain 'nexstar.tv' or 'sbgtv.com' on or between September 10, 2025, and September 23, 2025.
>
> 3. All text messages or threads, signal messages or threads, or other messaging app messages or threads to or from FCC Chairman Brendan Carr that contain the words 'Jimmy', 'Kimmel', 'ABC,' 'Charlie', or 'Kirk' on or between September 10, 2025, and September 23, 2025."

Your request has been assigned FOIA Control No. 2026-000266.[1]

Records regarding Jimmy Kimmel held by Chairman Carr on or after September 15, 2025, can be viewed in the FCC's reading room at: https://www.fcc.gov/general/freedom-information-act-electronic-reading-room under Part 4 of the bullet titled "Jimmy Kimmel." The Office of the Chairman searched for additional responsive records. The search produced no additional records responsive to your request.

A portion of these records were withheld or redacted under FOIA Exemption 5.[2] Exemption 5 protects certain inter-agency and intra-agency records that are normally considered privileged in the civil discovery context.[3]

Exemption 5 encompasses a deliberative process privilege that generally covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which

---

[1] FOIA Control No. 2026-000266 (submitted Jan. 5, 2026).

[2] 5 U.S.C. § 552(b)(5).

[3] *See id.*

FOIA Control No. 2026-000266
Page 2

governmental decisions and policies are formulated."[4]  To fall within the scope of this privilege, the agency records must be both (i) predecisional, meaning generated before the adoption of the agency decision and (ii) deliberative, meaning it reflects the "give-and-take" of the decision-making process.[5]

We have withheld or redacted portions of the records reflecting internal communications that contain predecisional and deliberative material, including deliberations regarding draft responses to Congressional inquiries; preliminary legal analysis of complaints; and advice and opinions regarding responses to press inquiries.

We have determined that disclosure of these records would cause specific reasonably foreseeable harms to the deliberative process and the quality of agency decisions, both of which Exemption 5 is intended to protect.[6]  Particularly, the withheld or redacted records will inhibit staff candor and frankness in providing advice or recommendations during deliberations.

Exemption 5 also encompasses the attorney-client privilege. The attorney-client privilege covers "confidential communications between an attorney and [the attorney's] client relating to a legal matter for which the client has sought professional advice."[7]  We have withheld communications where the Office of General Counsel provided legal advice to Commission staff.

We have determined that it is reasonably foreseeable that disclosure would harm the attorney-client relationship, which Exemption 5 is intended to protect. Release of this information would foreseeably impair open and frank communication between the agency and its counsel in receiving or giving legal advice.

A portion of these records were redacted under FOIA Exemption 6.[8]  Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."[9]  Specifically, material consisting of personal contact information of individuals has been redacted.  Balancing the public's right to disclosure against the individual's right to privacy, we have determined that release of this information would constitute a clearly unwarranted invasion of personal privacy.  We have redacted personal cell phone numbers and email addresses, internal-only email addresses, and identifying information regarding individual citizens.

We have determined that it is reasonably foreseeable that disclosure would harm the privacy interest of the persons mentioned in these records, which Exemption 6 is intended to protect.

We are required by both the FOIA and the Commission's own rules to charge requesters certain fees associated with the costs of searching for, reviewing, and duplicating the sought after information.[10]  To

---

[4] *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150 (1975).

[5] *Id.* at 151-52; *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980).

[6] *NLRB*, 421 U.S. at 151.

[7] *Mead Data Cent., Inc. v. U.S. Dep't Air Force*, 466 F.2d 242, 252 (D.C. Cir. 1977).

[8] 5 U.S.C. § 552(b)(6).

[9] *Id.*

[10] *See* 5 U.S.C. § 552(a)(4)(A); 47 CFR § 0.470.

FOIA Control No. 2026-000266
Page 3

calculate the appropriate fee, requesters are classified as: (1) commercial use requesters; (2) educational requesters, non-commercial scientific organizations, or representatives of the news media; or (3) all other requesters.[11]

Pursuant to section 0.466(a)(8) of the Commission's rules, you have been classified for fee purposes under category (3) as an "all other requester."[12]  For such requesters, the Commission assesses charges to recover the full, reasonable direct cost of searching for and reproducing records that are responsive to the request; however, you are entitled to be furnished with the first 100 pages of reproduction and the first two hours of search time without charge under section 0.470(a)(3)(i) of the Commission's rules.[13]  The production in response to your request did not meet these thresholds. Therefore, you will not be charged any fees.

You may seek review of this determination by filing an application for review with the Office of General Counsel within 90 calendar days of the date of this letter.[14]  Your appeal must articulate specific grounds for review, identify factors warranting further consideration of the issue presented, and specify the relief being sought.[15]

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

> FOIA Public Liaison
> Federal Communications Commission
> Office of the Managing Director
> Performance and Program Management
> 45 L Street NE, Washington, DC 20554
> 202-418-1379
> FOIA-Public-Liaison@fcc.gov

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.  The contact information for OGIS is:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road–OGIS
> College Park, MD 20740-6001

---

[11] 47 CFR § 0.470.

[12] 47 CFR § 0.466(a)(8).

[13] 47 CFR § 0.470(a)(3)(i).

[14] 47 CFR §§ 0.461(j), 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission), and 1.115.

[15] *See* 47 CFR §§ 0.251(j) (applications for review may be dismissed for failure to articulate specific grounds for review), 1.115(b) (an application for review must specify with particularity the questions presented for review and specify the factor(s) (from an enumerated list) warranting Commission consideration of the questions).

FOIA Control No. 2026-000266
Page 4


202-741-5770
877-684-6448
ogis@nara.gov
https://www.archives.gov/ogis

Sincerely,

Kristi
Thompson

Digitally signed by Kristi
Thompson
Date: 2026.03.13
17:53:32 -04'00'

Kristi Thompson
Attorney Advisor
Office of General Counsel

Enclosure(s)

cc: FCC FOIA Office