# EXHIBIT
# 4



**CITIZENS FOR CONSTITUTIONAL INTEGRITY**

**Holding Governments Accountable**

*A 501(c)(3) Nonprofit Corporation*

March 31, 2026

Adam Candeub
General Counsel
Federal Communications Commission
45 L Street NE
Washington, D.C. 20554
FOIA-Appeal@fcc.gov

*SENT VIA EMAIL*

Re: FOIA Control No. 2026-000266

Dear Mr. Candeub,

Under 5 U.S.C. § 552(a)(6)(A)(ii) and 47 C.F.R. § 0.461(j), Citizens for Constitutional Integrity hereby appeal from the Federal Communication Commission's response to Citizens' January 5, 2026, request for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Citizens seek reversal of the FCC's effective denial of Citizens' Request 3, and they seek production of the responsive records.

Only 12 business days have passed, so Citizens are well within the 90-day time period for filing appeals. *See* 47 C.F.R. § 0.461(j). FCC Regulation 43 C.F.R. § 2.59(a) allows Citizens to send this appeal by email to FOIA-Appeal@fcc.gov. Please find the attached exhibit list and copies of all correspondence between Citizens and the Office concerning the FOIA request, including the request and the Office's responses. Citizens are attaching only selected pages from the reading room, "Jimmy Kimmel," Part 4 pdf document. https://www.fcc.gov/general/freedom-information-act-electronic-reading-room.

**I. The FCC violated FOIA by failing to complete a reasonable search.**

The FCC violated FOIA by failing to complete a reasonable search of FCC Chair Brendan Carr's text messages, Signal chats, and other messaging apps in response to Citizens' Request 3. The FCC produced no original text messages or threads, signal messages, or other messaging app messages. Irrefutable evidence, however, demonstrates Chair Carr used texts to conduct government business, and FOIA therefore required the FCC to search there for responsive records. The FCC violated FOIA by failing to undertake a reasonable effort to search for records responsive to Citizens' Request 3. *See* 5 U.S.C. § 552(a)(3)(C).

**1930 18th St. NW, Ste. B2, PMB 620, Washington, DC 20009 · (406) 272-5204**
**Citizens@ConstitutionalIntegrity.org · www.ConstitutionalIntegrity.org**

Doc ID: 84e7cda6534c2e238888c5837b1384de42a15923

Page 2

---

A. Legal Standard

FOIA directs, "[i]n responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system." *See* 5 U.S.C. § 552(a)(3)(C).

FOIA's requirement for a reasonable search includes searching text messages when evidence shows the government official using texts to discuss government business. "[I]n certain circumstances, an agency may be obligated to search a particular employee's text messages in response to a FOIA request." *Shteynlyuger v. Centers for Medicare & Medicaid Servs.*, 698 F. Supp. 3d 82, 109 (D.D.C. 2023). That principle flows from FOIA's requirement that agencies follow obvious leads that emerge during its inquiry. *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) ("An agency . . . must revise its assessment of what is [a] 'reasonable' [search] in a particular case to account for leads that emerge during its inquiry."). In particular, "[a]gencies can be required to search text messages when it is 'reasonably likely' that an employee conducted agency business on a pertinent topic via text." *Id.* Upon proving "documented use of text messages," FOIA requires searching the official's text messages. *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 373 F. Supp. 3d 120, 127 (D.D.C. 2019).

In addition, when FOIA Section 552(a)(3)(C) requires a "reasonable" search, that includes a reasonable search of text messages and messaging apps—especially when a requestor specifies a search-term. *See Landmark Legal Found. v. Dep't of Just.*, 211 F. Supp. 3d 311, 319-20 (D.D.C. 2016) ("Perhaps if Plaintiff were seeking records related to a particular topic, exchange, or piece of official business, it would be reasonable to expect Department employees to locate any agency records in their personal accounts pertaining to that topic, exchange, or piece of business and forward them to the FOIA coordinator, but absent an identifiable search term the request is nearly impossible.").

B. Facts

FOIA requires the FCC to search Chair Carr's texts and messaging apps for responsive records because the evidence shows he used texts to discuss official government business. Instead, the FCC apparently did not search any texts, Signal chats, or other messaging apps.

In addition to two requests for emails, Citizens requested the FCC to produce these records:

Doc ID: 84e7cda6534c2e238888c5837b1384de42a15923

Page 3

3. All text messages or threads, signal messages or threads, or other messaging app messages or threads to or from FCC Chairman Brendan Carr that contain the words "Jimmy", "Kimmel", "ABC," "Charlie", or "Kirk" on or between September 10, 2025, and September 23, 2025.

Citizens for Constitutional Integrity Request (Jan. 5, 2026) (Citizens' Request), Ex. 1. The FCC produced zero records in response to this request. Letter from Kristi Thompson to Jared Pettinato (Mar. 13, 2026), Ex. 3; *see also* Email from Kristi Thompson to Jared Pettinato (Mar. 13, 2026) (transmitting the letter), Ex. 4.

In response to Citizens' Requests, the FCC explained:

Records regarding Jimmy Kimmel held by Chairman Carr on or after September 15, 2025, can be viewed in the FCC's reading room at: https://www.fcc.gov/general/freedom-information-act-electronic-reading-room under Part 4 of the bullet titled "Jimmy Kimmel."  The Office of the Chair searched for additional responsive records.  The search produced no additional records responsive to your request.

*Id.* at 1. The referenced pdf document in the reading room contained only emails, so it is clear that the FCC did not search Chair Carr's cell phone. *See* Part 4 of the bullet titled "Jimmy Kimmel", https://www.fcc.gov/general/freedom-information-act-electronic-reading-room.

C. <u>Analysis</u>

The FCC's search does not qualify as reasonable for two reasons. First, the FCC's search is not reasonable because the produced emails demonstrate that Chair Carr was using texts to discuss government business. Pages 50-53 of Part 4 of the bullet titled "Jimmy Kimmel" show that Chair Carr emailed himself *screenshots of texts he sent* to "Matt Keys. ABC Disney." Part 4 at 50-53, Ex. 5. That irrefutable evidence, produced by the FCC itself, demonstrates that Chair Carr was using texts to discuss official government business. Chair Carr's emails of his texts demonstrate "'a lead that is both clear and certain'—that the agency 'cannot in good faith fail to pursue it." *Watkins L. & Advoc., PLLC v. U.S. Dep't of Justice*, 78 F.4th 436, 449 (D.C. Cir. 2023) (citation modified). It is irrelevant whether those particular texts respond to Citizens' request because they satisfy the legal standard by demonstrating Chair Carr was using texts to discuss government business. *See Shteynlyuger*, 698 F. Supp. 3d at 109; *Jud. Watch*, 373 F. Supp. 3d at 127. Therefore, FOIA required the FCC to search his texts, Signal chats, and other messaging apps on his cellphone.

Page 4

In addition, the internet has additional, corroborating evidence—consistent with the evidence in Part 4. Chief Media Analyst Brian Stelter tweeted about the text he received from Chair Carr on official business in relation to ABC taking Jimmy Kimmel off the air. Brian Stelter, Tweet (Sept. 17, 2025, at 6:59 p.m.), https://x.com/brianstelter/status/1968449834697834591, Ex. 6. Chair Carr apparently bragged and celebrated his victory over democracy and the First Amendment via text.

Second, the FCC's search is unreasonable because it did not inquire whether Chair Carr uses texts to discuss business. It states, "The Office of the Chair searched for additional responsive records." But it does not describe that search or explain why it looked in all of the reasonable locations for responsive records.

If a requestor provides a search term, an agency's officials can reasonably search their texts for a particular term. *See Landmark Legal*, 211 F. Supp. 3d at 319-20. Citizens did exactly that. They specified five search terms: "'Jimmy', 'Kimmel', 'ABC,' 'Charlie', or 'Kirk'." Citizens' Request at 3. And they narrowed their request further by specifying two weeks of dates: between September 10 and 23, 2025. *Id.* Citizens asked for the whole text and messaging-app threads within those two weeks for any thread that contains that search term. This still does not require more than a reasonable search.

Of course, the FCC has the technological capability of taking a cell phone and using the internal search function on the apps to look for messages, and forwarding the surrounding threads to an email address for processing. Any routine user of a cell phone knows how to do that. And the people of the United States trust the FCC to regulate cell phone technology and to handle all types of difficult technological issues related to cell phones. Certainly, then, the FCC can do basic searches that any user can do—even if the chair, for some reason lacks that technological capability. It is patently unreasonable for the Federal *Communications* Commission not to search for the records that Citizens reasonably described, and that the FCC could locate with reasonable effort. *See Landmark Legal*, 211 F. Supp. 3d at 319-20.

## II. The FCC failed to provide online status updates on Citizens' request.

As a second FOIA violation, the FCC violated 47 C.F.R. § 0.461(e)(3) by failing to provide Citizens any status updates on http://foiaonline.regulations.gov. This pattern-and-practice violates FOIA because that website provides no status updates to any requester.

Doc ID: 84e7cda6534c2e238888c5837b1384de42a15923

Page 5

---

### III. Conclusion

For these reasons, the FCC violated FOIA by failing to produce Chair Carr's text threads, Signal chat threads, and other messaging app threads. It also violated FOIA by failing to provide status updates as 47 C.F.R. § 0.461(e)(3) requires to any requester. FOIA requires the FCC to respond to this appeal and to produce the responsive text threads and messaging threads—the responsive records—within twenty business days. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

Sincerely,

*Jared S. Pettinato*

Jared S. Pettinato
Executive Director

Encls. (7)

Doc ID: 84e7cda6534c2e238888c5837b1384de42a15923

 **Dropbox** Sign                                Audit trail

| | |
|---|---|
| **Title** | CCI FCC FOIA Appeal 2026-3-31pm.pdf |
| **File name** | CCI%20FCC%20FOIA%...202026-3-31pm.pdf |
| **Document ID** | 84e7cda6534c2e238888c5837b1384de42a15923 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| ⟳ SENT | **03 / 31 / 2026** 20:52:10 UTC | Sent for signature to Jared Pettinato (jared@jaredpettinato.com) by services@clio.com acting on behalf of jared@jaredpettinato.com IP: 45.88.220.12 |
| ◎ VIEWED | **03 / 31 / 2026** 20:52:37 UTC | Viewed by Jared Pettinato (jared@jaredpettinato.com) IP: 45.88.220.12 |
| ✓ SIGNED | **03 / 31 / 2026** 20:52:53 UTC | Signed by Jared Pettinato (jared@jaredpettinato.com) IP: 45.88.220.12 |
| ⊘ COMPLETED | **03 / 31 / 2026** 20:52:53 UTC | The document has been completed. |

Powered by **Dropbox** Sign