**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR CONSTITUTIONAL INTEGRITY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>Defendant. | Case No. 26-cv-2018 (LLA)<br><br>Judge Loren L. AliKhan |

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXTEND TIME FOR A REPLY

JARED S. PETTINATO, DC Bar No. 496901
The Pettinato Firm
1930 18th St. NW, Ste. B2, PMB 620
Washington, DC 20009
(406) 314-3247
Jared@JaredPettinato.com

*Attorney for Plaintiff*

Delaying summary judgment briefing, as the Federal Communications Commission requests, risks a cascade of events that would likely prejudice Plaintiff Citizens for Constitutional Integrity from obtaining FCC Chair Brendan Carr's text messages, and from publicizing them in time for voters to consider them by Election Day on November 3. Those text messages will show how the FCC is violating the First Amendment by threatening comedians, by changing the information they see on television, and by seeking to influence their votes. These text messages are now over a year old. Citizens followed the Freedom of Information Act (FOIA), 5 U.S.C. § 552, with a request and an administrative appeal. The voters waited long enough.

The FCC effectively had 83 days to file its summary judgment response from when Citizens informally sent their motion. *See* Pl.'s Resp. to Defs.' Mot. for an Extension of Time 2 n.1, ECF No. 10. Nothing required the FCC to cross-move, and replies are optional, anyway. *See* Local Civil Rule 7(d). Citizens filed their combined response and reply timely, 8 calendar days later, after Labor Day Weekend. *See id.*; ECF No. 13. Yet the FCC still asks for 28 total days (7 days from the local rules and 21 from its extension) to draft new declarations and a reply.

If the FCC files new evidence, then Citizens will need an opportunity to respond, too. *See Romero v. RBS Constr. Corp.*, No. CV 18-179 (EGS), 2022 WL 522989, at *6 (D.D.C. Feb. 22, 2022) ("If a court accepts a Reply containing new evidence and the opposing party has no opportunity to respond, that court cannot rely on the new material in deciding a motion for summary judgment."). Although Citizens would intend to file any surreply as expediently as possible, it would leave this Court little

time to issue effective relief. Chair Carr is using his personal phone for government business, and it may be that that phone contains the text messages Citizens have requested, so if Chair Carr's government phone do not have the records Citizens seek, they may need further judicial assistance. *See* [Pls.'] Opp. to Defs.' Mot. for Summ. J. 12, *Burleigh v. FCC*, No. 25-1268 (ABJ) ("a phone is being used for government business and . . . it has a Signal account in Carr's name."), ECF No. 22; Suppl. Decl. of Kristi Thompson, ¶ 5, No. 25-1268 (ABJ) ("The phone number in that email was for Chairman Carr's personal cell phone number."), ECF No. 23-2.

Citizens declined to move for a preliminary injunction or a temporary restraining order because they expected this Court could resolve this case expediently on cross-motions for summary judgment. But the FCC has failed to acknowledge the urgency. The voters have no more time for the FCC's shell games.

When Citizens' counsel spoke with the FCC's counsel, Citizens expressed willingness to compromise on FCC's reply deadline, but the FCC would not compromise. Citizens propose setting a September 28, 2026, deadline for the FCC's reply. That will give the FCC 20 days for its reply.

Dated September 14, 2026,

*<u>/s/ Jared S. Pettinato</u>*
JARED S. PETTINATO
*Attorney for Plaintiff*