UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR CONSTITUTIONAL INTEGRITY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>Defendant. | Civil Action No. 26-2018 (LLA) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR EXPEDITED CONSIDERATION**

Defendant Federal Communications Commission ("FCC" or the "Commission"), by and through undersigned counsel, respectfully files this opposition to Plaintiff's Motion for Expedited Consideration of the Pending Cross-Motions for Summary Judgment (ECF No. 22, "Mot.").

**ARGUMENT**

FOIA emergencies are rare, and this is not one of them. Plaintiff's latest motion asks the Court to decide the parties' pending motions for summary judgment in this FOIA matter by a date certain, designate the case as expedited under 28 U.S.C. § 1657(a), and convene an emergency status conference. Mot. at 1. If the Court does not do so, Plaintiff says, it will move for a temporary restraining order and for a preliminary injunction. Mot. at 4. Although Plaintiff plainly considers the records sought in this litigation a matter of public interest, a similar thing could be said of most of the hundreds of FOIA actions filed in this district every year. The Commission respectfully submits that the need for expedition in this matter is not so great as to justify the emergency handling that Plaintiff requests.

With respect to Plaintiff's request for a ruling by a specific date or a status conference, such issues are committed to the sound discretion of the Court. *See Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015) ("[A] district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed."); *McKathan v. DHS*, Civ. A. No. 22-1865 (DLF), 2024 WL 1344434, at *8 (D.D.C. Mar. 29, 2024) (denying premature briefing in FOIA matter; noting that "[d]istrict courts enjoy broad discretion when deciding case management and scheduling matters"). The Commission observes that Plaintiff, in support of its requests, asserts only a generalized interest in informing the electorate that is common to many of the over six hundred cases brought under the Freedom of Information Act every year in this district.[1]

Plaintiff also requests that this case be designated for expedited consideration under 28 U.S.C. § 1657(a), but falls well short of establishing the requisite good cause. Designation under Section 1657(a) has apparently been granted in rare FOIA cases, for example, where the requestor "needed the information for the appeal of his death penalty sentence" or "needed the information to avoid deportation." *Summers v. Dep't of Just.*, 733 F. Supp. 443, 444 n.4 (D.D.C. 1990) (denying plaintiff's "request[] for expedited consideration"). Designation is not appropriate, by contrast, where plaintiffs identify "weighty constitutional issues and political ramifications" implicated by their case but fail to establish a particularized need for prompt consideration that is not outweighed by the benefit of "caution and deliberation." *Comm. on Ways & Means v. Dep't of Just.*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019).

The high bar for designation in FOIA matters is illustrated by the district court's decision in *Keeping Government Beholden v. Department of Justice*, Civ. A. No. 17-1569 (KBJ) (D.D.C.)

---

[1] *See* Federal Judicial Center, Integrated Database: Civil 1988-Present, https://www.fjc.gov/research/idb/interactive/24/IDB-civil-since-1988 (listing 641 D.D.C. cases with a case number beginning in "25" and "Nature of Suit" equal to "895-Freedom of Information Act").

("*KGB*"). There, the plaintiff sought to designate for expedited consideration a FOIA matter involving records shedding light on "significant gaps in the public's understanding of th[e] extraordinarily newsworthy matter" of President Trump's firing of an FBI director. Mot. Expedited Processing (ECF No. 13) at 4, *KGB*. And there, as here, the plaintiff did not seek expedited processing of its request at the time of submission, and instead sought to designate the case as expedited after it was filed. *See* Mem. Op. (ECF No. 18) at 1–2, *KGB* (citing 5 U.S.C. § 552(a)(6)(E)).[2] Observing that "[t]he only available cases in which courts have seen fit to apply section 1657(a) in the FOIA context are those in which there was manifest good cause for expedited review of the record and consideration of the FOIA dispute," the court concluded plaintiff's general claims about the importance of the documents did not meet that bar. *Id.* at 3–4.

Plaintiff's contrary arguments do not persuade. Its request for designation under Section 1657(a) relies on cases that do not pertain to designation at all. Mot. at 2. And while it is true that Section 1657(a) identifies FOIA matters as among those that may be designated if good cause is established (Mot. at 3), the legislative history emphasizes that designation should be the exception rather than the rule: Congress replaced a former provision in the FOIA requiring that FOIA cases take precedence over other civil matters and imposed instead the good cause requirement that now appears in Section 1657(a). *See* Federal Courts Improvement Act of 1984, §§ 401–402, Pub. L. No. 98-620, 98 Stat. 3335, 3357 (repealing former 5 U.S.C. § 552(a)(4)(D)).

Finally, certain aspects of the relief Plaintiff requests are injunctive in character, but Plaintiff fails to make the showings required for the "extraordinary and drastic remedy" of preliminary injunctive relief. *Munaf v. Geren*, 553 U.S. 674, 689 (2008). For example, Plaintiff

---

[2] For the fact that Plaintiff did not seek expedited processing of its FOIA request submitted to the agency, see Ex. 1 at 4 ("Expedited Processing Requested: No").

invites the Court to "direct search and production now and issue a memorandum later." Mot. at 4. Plaintiff also includes in its proposed order a detailed series of provisions that would require searches, processing, and production of heretofore unidentified records. ECF No. 22-1 at 1–2. These requests should be denied for the reasons identified in the Commission's prior briefing, *see* ECF Nos 11, 18, and for Plaintiff's failure to establish its entitlement to a preliminary injunction. *See Greenspan v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 23-1816 (BAH), 2023 WL 12137661, at *2–3 (D.D.C. Nov. 21, 2023) (analyzing request for order "compelling the defendants to immediately produce any documents that may exist responsive to his FOIA requests" as a request for preliminary injunctive relief); Min. Order, *Iranian Am. L. Defense Fund v. Dep't of State*, Civ. A. No. 26-1444 (CRC) (D.D.C. Sept. 3, 2026) (denying "Expedited Motion for Prioritized Processing and Production" for failure to "brief several of the[] [preliminary injunction] factors").[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated: October 30, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*

[3] Though it is not pertinent to the merits of the present motion, the Commission notes that one factual representation in the motion is incorrect. Plaintiff incorrectly states (at Mot. 3) that the FCC searched one of Chairman Carr's FCC-issued phones, but not the other. In fact, FCC staff searched both phones at issue. ECF No. 18 at 1 n.1 ("[F]urther factual development would show that an additional FCC-issued phone issued to the Chairman was searched on the same date.").